IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ALFREDO SANTIAGO,**

      Petitioner,

   v.                                    CIVIL ACTION NO. 2:06cv83
                                             (Judge Maxwell)

**WARDEN AL HAYNES,**

      Respondent.

## REPORT AND RECOMMENDATION

### I. BACKGROUND

On August 23, 2006, the *pro se* petitioner, Alfredo Santiago, an inmate at the USP Hazelton, filed an Application for Habeas Corpus Pursuant to 28 U.S.C. §2241, seeking to have credit against his sentence for time he spent in federal custody pursuant to a writ of habeas corpus *ad prosequendum*. The petitioner paid the filing fee on September 14, 2006. On September 15, 2006, the undersigned made a preliminary review of the petition and determined that summary dismissal was not warranted. Accordingly, an Order to Show Cause was issued against the respondent. On October 17, 2006, the respondent filed his Response. In addition to his response, the respondent also filed a number of exhibits and attachments, including the Declaration of Alecia D. Sanke and the Declaration of Sandra M. Gregg.. On October 27, 2007, the petitioner filed a Traverse to the Response.

### II. FACTS

On November 20, 2002, petitioner was sentenced by the State of Pennsylvania to a term of 11 ½ to 23 months on state charges of Possession with Intent to Deliver a Controlled Substance-

Marijuana, Possession of a Controlled Substance -PCP, and Possession of Drug Paraphernalia. (Doc. 7-6). The petitioner's state sentence ended on April 20, 2004. (Id.).

On June 23, 2003, while the petitioner was serving his state sentence, he was taken into federal custody by the United States Marshall Service pursuant to a writ of habeas corpus *ad prosequendum* to face federal charges. (Dckt. 7-7). While on writ with the U.S. Marshals Service awaiting sentencing on the federal charges, petitioner satisfied his state sentence. On February 9, 2005, the petitioner was sentenced in the United States District Court for the Eastern District of Pennsylvania to two consecutive 60 month terms. (Dckt. 7-3). The petitioner was then designated to USP Hazelton for the service of his federal sentence. With consideration for prior custody credit and good conduct time, his projected release date is January 28, 2013.

### III. CONTENTIONS OF THE PARTIES

Petitioner makes the following argument in his Application for Habeas Corpus:

(1) He should received credit against his federal sentence back to May 29, 2002, because he was in official detention awaiting court prosecution.[1]

The Government contends that the petition should be dismissed because:

(1) petitioner is not entitled to any additional prior custody credit because to do so would give him double credit for his detention time.

### IV. ANALYSIS

.       In general, a federal sentence commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official

---

[1]The petitioner appears to argue that as a result of fingerprinting done in Pennsylvania following his arrest on state charges, the federal criminal proceeding began. Even, if the petitioner is correct in this assertion, for the reasons set forth in the body of this Report and Recommendation, the petitioner is not entitled to the credit he claims.

detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Nevertheless, in some cases, a federal sentence may begin prior to the date the Attorney General gains physical custody of the defendant. Title 18 U.S.C. Section 3621(b) gives the Bureau of Prisons the authority to "designate the place of [a] prisoner's imprisonment." Therefore, when a federal court orders its sentence to run concurrently with a previously imposed state sentence, a *nunc pro tunc* designation can be made, whereby the Bureau of Prisons designates a state facility as the place for service of a federal sentence. See United States v. Evans, 159 F.3d 908, 911-12 (4th Cir. 1998)(a federal sentence may commence on a defendant who is already in state custody "if and when the Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence.") Here, petitioner's state sentence was completed on April 20, 2004, before he was sentenced in federal court on February 8, 2005. Therefore, his state and federal sentences could not be concurrent.

Furthermore, the mere fact that state prisoner is in federal court pursuant to a federal writ of habeas corpus *ad prosequendum* does not mean that the prisoner's federal sentence has begun to run. "Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." Id. at 912. See also Thomas v. Whalen, 962 F.2d 358, 361 n.3 (4th Cir. 1992)("A prisoner is not even in custody for purposes of section 3585 when he appears in federal court pursuant to a writ *ad prosequendum*; he is merely 'on loan' to federal authorities.").

The Attorney General, through the Federal Bureau of Prisons, is responsible for computing federal terms of imprisonment. See United States v. Wilson, 503 U.S. 329 (1992). In making this computation, the BOP must adhere to 18 U.S.C. § 3585(b), which provides:

> A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence

3

> commences (1) as a result of the offense for which the sentence was imposed or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; **that has not been credited against another sentence.**

(emphasis added).

The United States Supreme Court has held that under 18 U.S.C. § 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, supra at 337. Therefore, under 18 U.S.C. § 3585(b), prior custody credit cannot be awarded if the prisoner has received credit towards another sentence. See U.S. v. Brown, 977 F.2d 574 (4th Cir, 1992)(Defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences **unless it has been credited against another sentence**). (emphasis added); U.S. v. Goulden, 54 F.3d 774 (4th Cir. 1995)(credit is only available for time spent in custody which has not been credited against another sentence).

Here, petitioner was in state custody continuously from May 19, 2002, (the date he was arrested by Pennsylvania authorities) until April 20, 2004, (the date his state sentence concluded. (Dckt. 7-9). Therefore, the petitioner received credit against his state sentence for the time he spent in detention pursuant to the writ *ad prosequendum* until his state sentence concluded. Because the petitioner cannot receive double credit, he is not entitled to any credit for this time against his federal sentence before April 21, 2004. He received credit for his federal sentence for the time he spent in detention for the period April 21, 2004 to February 8, 2005, the date of his federal sentencing. (Doc. 7-6). Accordingly, the petitioner has received the maximum credit to which he is entitled under 18 U.S.C. § 3585(b).

## IV. **RECOMMENDATION**

Based on the foregoing, the undersigned recommends that the petitioner's §2241 petition

be **DENIED and DISMISSED WITH PREJUDICE**.

Any party may file, within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last know address as shown on the docket sheet. The Clerk of the Court is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Filing in the United States District Court.

DATED: November 19, 2007

    /s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE